PER CURIAM.
 

 By order dated April 5, 2011, this court instructed Appellant to show cause why sanctions, including a prohibition against appearing as a litigant in this court unless represented by counsel, should not be imposed against him. We did so because the records of this court reflect that Appellant has been an appellant or petitioner in this court 17 times since 1998. Additionally, Appellant has repeatedly filed pro se petitions for extraordinary relief in the courts below as well as this court. He has also appealed the trial court’s dismissals of those improper petitions.
 

 Appellant timely responded to our order to show cause. In that response, Appel
 
 *654
 
 lant argues that this court, from which he has sought relief so often, never had the jurisdiction to entertain those entreaties in the first place. This response is not only unpersuasive, it is patently frivolous. Accordingly, in order to preserve the right of access for all litigants and promote the interests of justice, the Clerk of this Court is hereby instructed to reject for filing any future pleadings, petitions, motions, documents, or other filings submitted by Appellant unless signed by a member in good standing of The Florida Bar. Under the sanction imposed herein, Appellant is not being denied access to the courts; he may petition the court through the assistance of counsel, whenever such counsel determines that the proceeding may have merit and can be filed in good faith.
 

 IT IS SO ORDERED.
 

 WOLF, THOMAS, and ROWE, JJ„ concur.